UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) EVANS J. KLIMAVICH<br>and<br>(2) STEPHEN M. MARSDEN,<br><br>Defendants | Criminal No.    23cr10284<br><br>Violations:<br><br>Count One: Conspiracy to Distribute and to Possess with Intent to Distribute 500 Grams or More of Cocaine<br>(21 U.S.C. § 846)<br><br>Counts Two and Three: Possession with Intent to Distribute 500 Grams or More of Cocaine<br>(21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii))<br><br>Count Four: Possession of a Firearm in Furtherance of a Drug Trafficking Offense<br>(18 U.S.C. § 924(c)(1)(A))<br><br>Drug Forfeiture Allegations:<br>(21 U.S.C. § 853)<br><br>Firearm Forfeiture Allegation:<br>(18 U.S.C. § 924(d) & 28 U.S.C. § 2461(c)) |

INDICTMENT

COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute
Five Kilograms or More of Cocaine
(21 U.S.C. § 846)

The Grand Jury charges:

From in or about January 2023, through on or about May 26, 2023, in Quincy, Fall River,

and Worcester, in the District of Massachusetts, and elsewhere, the defendants,

(1) EVANS J. KLIMAVICH and
(2) STEPHEN M. MARSDEN,

conspired with each other and with other persons unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(ii) is applicable to this Count.

It is further alleged that, with respect to Count One, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (1) EVANS J. KLIMAVICH, and (2) STEPHEN M. MARSDEN. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(ii) is applicable to defendants (1) EVANS J. KLIMAVICH and (2) STEPHEN M. MARSDEN.

All in violation of Title 21, United States Code, Section 846.

Before the defendant (1) EVANS J. KLIMAVICH committed the offense charged in this count, the defendant was convicted of violating Title 21, United States Code, Section 846 (*see United States v. Evans Klimavich*, 11-CR-10049-DPW), a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

<u>COUNT TWO</u>
Possession with Intent to Distribute 500 Grams or More of Cocaine
(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii))

The Grand Jury further charges:

On or about May 26, 2023, in Worcester, in the District of Massachusetts, the defendant,

(1) EVANS J. KLIMAVICH,

did knowingly and intentionally possess with intent to distribute a mixture and substance containing 500 grams or more of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(ii).

Before the defendant (1) EVANS J. KLIMAVICH committed the offense charged in this count, the defendant was convicted of violating Title 21, United States Code, Section 846 (*see United States v. Evans Klimavich*, 11-CR-10049-DPW), a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

<u>COUNT THREE</u>
Possession with Intent to Distribute 500 Grams or More of Cocaine
(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii))

The Grand Jury further charges:

On or about May 26, 2023, in Quincy, in the District of Massachusetts, the defendant,

(2) STEPHEN M. MARSDEN

did knowingly and intentionally possess with intent to distribute a mixture and substance containing 500 grams or more of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(ii).

## COUNT FOUR
Possession of a Firearm in Furtherance of a Drug Trafficking Offense
(18 U.S.C. § 924(c)(1)(A)(i))

The Grand Jury further charges:

On or about May 26, 2023, in Quincy, in the District of Massachusetts, the defendant,

(2) STEPHEN M. MARSDEN,

did knowingly possess a firearm, to wit: a Browning Model 1905 .25 caliber pistol bearing serial number 3294678, a Beretta Model 950 BS .25 caliber pistol bearing serial number BR84777V, and a North American Arms .22 caliber revolver bearing serial number C77071 in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846, as charged in Count One of this Indictment, and possession with intent to distribute a mixture and substance containing 500 grams or more of cocaine, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Three  of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1.      Upon conviction of one of more of the offenses in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii), and 846, set forth in Counts One, Two, and Three of this Indictment, the defendants,

(1) EVANS J. KLIMAVICH and
(2) STEPHEN M. MARSDEN,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.   The property to be forfeited includes, but is not limited to, the following:

    a.   $51,000 in United States currency, seized on May 26, 2023, from 4 Allison Court, Worcester, Massachusetts.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants --

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1.      Upon conviction of the offenses in violation of Title 18, United States Code, Section 924, set forth in Count Four, the defendant,

(2) STEPHEN M. MARSDEN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses.   The property to be forfeited includes, but is not limited to, the following:

    a.  a Browning Model 1905 .25 caliber pistol bearing serial number 3294678,
    b.  a Beretta Model 950 BS .25 caliber pistol bearing serial number BR84777V,
    c.  a North American Arms .22 caliber revolver bearing serial number C77071; and
    d.  144 rounds of assorted .22 and .25 caliber ammunition.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants –

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

_Karus Pentedemos_
FOREPERSON

_K. Nathaniel Yeager_
K. NATHANIEL YEAGER
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: October 26, 2023
Returned into the District Court by the Grand Jurors and filed.

/s/Douglas Warnock
DEPUTY CLERK    3:50 PM